AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

**FILED**
AUG 26 2019

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. M-19-448-STE
The cellular telephone assigned call number (405) )
412-2947, that is stored at premises controlled by )
T-Mobile )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the ____Western____ District of ____Oklahoma____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |

The application is based on these facts:

See Affidavit, attached hereto

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jared H. Lowe, Special Agent ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Aug. 26, 2019

_____
*Judge's signature*

City and state: Oklahoma City, Oklahoma

SHON T. ERWIN, U.S. MAGISTRATE JUDGE
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(405) 412-2947**, THAT IS STORED AT PREMISES CONTROLLED BY **T-Mobile, USA** | Case No. **MJ-**_____**-STE** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Jared H. Lowe, a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Oklahoma City, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number **(405) 412-2947**, (the "**SUBJECT PHONE**"), that is stored at premises controlled by **T-Mobile, USA,** a wireless telephone service provider headquartered at **4 Sylvan Way, Parsippany, New Jersey 07054.** The information to be searched is described in the following paragraphs and in **Attachment A**. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require **T-Mobile, USA,** to disclose to the government copies of the information further described in Section I of **Attachment B**. Upon receipt of the information described in Section I of **Attachment B**, government-

authorized persons will review the information to locate items described in Section II of **Attachment B**.

2. I am employed as an ATF Special Agent, and have been so employed since January 2015. I am currently assigned to the Dallas Field Division, Oklahoma City Field Office. I am responsible for conducting investigations of crimes against the United States in violation of federal law(s). My duties include, but are not limited to, the investigation of possession of firearm(s) by prohibited persons and violations of law related to other regulated or prohibited substances, which is in violation of Title 18, United States Code, Sections 921 through 931.

3. Prior to being employed by the ATF, I served as a commissioned Police Officer for approximately ten years with the Bixby Police Department in Bixby, Oklahoma. I am a graduate of the Criminal Investigator Training Program (CITP) at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, the ATF Special Agent Basic Training (SABT) Academy, as well as the Firearms/Ammunition Interstate Nexus Training (FINT) at the ATF Firearms Technology Branch in Martinsburg, West Virginia. I have received specialized training in numerous areas of law enforcement relating to criminal investigations, including search warrant preparation, execution, and issues relating to the successful prosecution of such cases. This training includes how to conduct searches of specific premises' and/or devices resulting from the authority of a search warrant to do so. On occasion, I have used telephone location information as part of my investigations. Telephone location information helps law enforcement determine where a particular person (or at least their cell phone) was at a

particular time—highly useful information in corroborating other aspects of the investigation. I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement personnel, interviews, witnesses, and other information related to the case. Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the requested warrant.

5. Based on my training and experience and the facts set forth in this affidavit, I submit that there is probable cause to believe that **Terrence L. Hill**, also known as **Terrance L. Hill, (DOB: XX-XX-1981 / SSN: XXX-XX-1708)** ("HILL"), has been a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), and that records of the **SUBJECT PHONE** will show evidence of that crime. As such, there is probable cause to search the information described in **Attachment A** for evidence of this crime as further described in **Attachment B**.

## PROBABLE CAUSE

6. On September 19, 2018, at approximately 6:54 am the Oklahoma City Police Department responded to a residence located at 1429 NW 99th Street, Oklahoma City, Oklahoma, in reference to a shooting that occurred at that location. Upon arrival to the residence, officers located a female victim who sustained two (2) gunshot wounds.

The victim and the victim's daughter positively identified the person who shot the victim as Terrance Lorenzo Hill (**HILL**). **HILL** is the victim's former boyfriend.

7. Based on the statements made by the victim, the victim's daughter, and evidence collected at the scene, the Oklahoma City Police Department was able to obtain an arrest warrant for **HILL**. On September 19, 2018, **HILL** was taken into custody on the following charges: 1. Shooting with Intent to Kill (AFCF), 2. Threatening an Act of Violence (AFCF), 3. Possession of a Firearm in the Commission of a Felony (AFCF), and 4. Discharge a Firearm into a Dwelling (AFCF). On February 5, 2019, a federal grand jury filed an Indictment charging **HILL** with being a felon in possession of ammunition, specifically the steel cartridge casings used in the shooting.

8. During an interview with **HILL** the day of his arrest, **HILL** denied any knowledge of the shooting. **HILL** stated that he got off work at the Oklahoma County Fairgrounds at approximately 7:00 am on September 19, 2018. **HILL** stated he then walked from the Oklahoma County Fairgrounds to the area of his sister's residence, near NE 54th Street and Rhode Island, Oklahoma City, Oklahoma. During the interview, **HILL** changed the described route he walked from the Oklahoma County Fairgrounds to his sister's residence several times, ultimately stating that he could not remember the exact route he walked that morning.

9. During the course of my investigation, I listened to a jail call from **HILL** to the **SUBJECT PHONE** wherein the woman he was speaking to said, "But I dropped you off," to which **HILL** responded, "See, now you've said too much." On or about February 13, 2019, I was able to identify the owner of the **SUBJECT PHONE** as Judy

4

Hudson (HUDSON), 2944 NW 29th Street, Oklahoma City, Oklahoma. On February 14, 2019, ATF Special Agent Corey Wells and I conducted an interview of HUDSON at her residence.

10.  HUDSON confirmed that she is the owner of the **SUBJECT PHONE**. During the interview, HUDSON stated that on September 19, 2018, she and her roommate picked **HILL** up from the Oklahoma County Fairgrounds sometime between 6:00 and 6:30am. Initially, HUDSON stated that she drove **HILL** from the Oklahoma County Fairgrounds to a 7-Eleven convenience store in the area of W. Britton Road and N. Western Avenue in Northwest Oklahoma City. HUDSON later clarified that the location of the 7-Eleven convenience store is actually at the corner of W. Hefner Road and N. Western Avenue in Northwest Oklahoma City. (The physical address of the 7-Eleven convenience store is 1100 NW 108th Street, Oklahoma City, Oklahoma.) HUDSON stated that after picking **HILL** up that morning, she made no stops between the Oklahoma County Fairgrounds and the 7-Eleven convenience store. Once **HILL** was dropped off at the 7-Eleven convenience store, she and her roommate left the area and returned home.

11.  After speaking with HUDSON, I drove to the location of the 7-Eleven convenience store where HUDSON stated she dropped **HILL** off on the morning of September 19, 2018. I was able to determine the location of the 7-Eleven convenience store is approximately one-half (1/2) of a mile from the shooting victim's residence.

12.  On September 28, 2018, Oklahoma City Police Department Detective Joseph Burnett got a search warrant for cellular data pertaining to cellular telephone

5

number (405) 313-0560 (**HILL**'s cell phone). The Honorable Judge Kevin C. McCray issued the search warrant in the District Court of Oklahoma County, State of Oklahoma (Case No. SW-2018-1321).

13. A review of the cellular data belonging to **HILL**'s cell phone showed calls between the **SUBJECT PHONE** and **HILL**'s cell phone on September 19, 2018, at 5:45 am and 6:14 am. **HILL**'s cell phone records further indicate that his cell phone was at the fairgrounds at 6:23 am and north of the fairgrounds (in the direction of the victim's home and further north than an individual would likely be able to get to walking) at 6:28 am. **HILL**'s cell phone records further indicate that **HILL**'s cell phone was then turned off until approximately 7:59 am.

14. Based on my training and experience, I submit there is probable cause to believe that HUDSON drove **HILL** on September 19, 2018, from the Oklahoma County Fairgrounds to the vicinity of the victim's home immediately prior to the shooting. Obtaining cell site information for the **SUBJECT PHONE** will assist law enforcement by corroborating HUDSON's account (and disproving **HILL**'s account) by potentially placing her (or her phone) in the immediate vicinity of 7-Eleven convenience store prior to the shooting.

15. In my training and experience, I have learned **T-MOBILE** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell

tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be ten or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

16. Based on my training and experience, I know that **T-MOBILE** can collect cell-site data about the **SUBJECT PHONE**. I also know that wireless providers such as **T-MOBILE** typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

17. Based on my training and experience, I know that wireless providers such as **T-MOBILE** typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as **T-MOBILE** typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other

7

transactional records, in their normal course of business. Furthermore, I contacted **T-MOBILE** and confirmed that they keep the types of business records sought here for 24 months.

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

19. I further request that the Court direct **T-MOBILE** to disclose to the government any information described in Section I of **Attachment B** that is within its possession, custody, or control. Because the warrant will be served on **T-MOBILE**, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Jared H. Lowe
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me on August 26, 2019.

SHON T. ERWIN
United States Magistrate Judge
Western District of Oklahoma

1

## ATTACHMENT A
### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number **(405) 412-2947** (the "Account"), that are stored at premises controlled by **T-Mobile** (the "Provider"), headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.

# ATTACHMENT B
## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period from **September 18, 2018**, to **September 20, 2018**:

   a. The following information about the customers or subscribers of the Account:

   i. Names (including subscriber names, user names, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

  vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

  viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

  i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

  ii. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received.

**II.** **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 922(g)(1) involving the phone number (405) 412-2947 during the period from **September 18, 2018,** to **September 20, 2018.**

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.